# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **RONALD TOLAND, JR.**<br>**Plaintiff,**<br><br>vs.<br><br>**THE BARAN COMPANY, LLC d/b/a MERCEDES-BENZ OF BUCKHEAD,**<br>**Defendant.** | **Case No.** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Ronald Toland, Jr. ("Plaintiff" or "Mr. Toland") brings this complaint against The Baran Company, LLC d/b/a Mercedes-Benz of Buckhead ("Defendant" or "Baranco") for its violations of the Fair Credit Reporting Act. Specifically, Plaintiff seeks recovery of damages stemming from the unauthorized obtainment and use of his consumer report by Defendant. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE CASE

1.  More than 17.6 million persons, that is, 7% of all adult Americans, are

1

victims of identity theft each year[1].

2.  Companies that issue credit can implement reasonable and cost-effective methods to prevent criminals from obtaining credit using stolen identities.

3.  This lawsuit is about a creditor that obtained consumer reports from a consumer reporting agency ("CRA") without a consumer's authorization and without any permissible purpose for a transaction in which the consumer was not involved, resulting in the issuance of credit to an identity thief.

## JURISDICTION

4.  This action arises out of Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.

5.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FCRA, which is a federal statute.

6.  This Court has personal jurisdiction over Defendant because it conducts business in this District; because it is headquartered in this District; and because the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

7.  Venue is proper in this District under 28 U.S.C. § 1391 because

---

[1] Victims of Identity Theft, 2014, 1. U.S. Dept. of Justice, Bureau of Justice Statistics. September 2015, NCJ 248991.

Defendant is headquartered in this District, and because this is the judicial district in which a substantial part of the events or omissions by Defendant giving rise to the Plaintiff's claim occurred.

8. This case is brought within two years of the FCRA violations, in compliance with the statute of limitations at 15 U.S.C. § 1681p.

## PARTIES

9. Plaintiff Ronald Toland, Jr. is a natural person residing in the City of Raleigh, Wake County, North Carolina, and is a "consumer" as defined by FCRA at 16 U.S.C. § 1681a(c).

10. Defendant Baranco is a Georgia limited liability company doing business under the assumed name "Mercedes-Benz of Buckhead," with a principal place of business in Atlanta, Georgia, and a registered agent, Wm. Scott Schulten, at 260 Peachtree Street NW # 2700, Atlanta, GA 30303.

11. Baranco is an auto dealer that also arranges and provides financing for the purchase of vehicles it sells.

12. With respect to information it has obtained from consumer reporting agencies regarding Mr. Toland, Baranco is a "user" of credit information within the meaning of the FCRA at 15 U.S.C. § 1681, et seq.

## FACTUAL ALLEGATIONS

3

13. Mr. Toland is a civilian employee of the U.S. military.

14. In May 2016, Mr. Toland applied for credit.

15. The lender to whom he applied turned him down because he supposedly had too much credit and too many inquiries.

16. Mr. Toland was surprised and dismayed at the denial of credit.

17. He then learned that his consumer reports showed multiple credit inquiries from users that he did not recognize.

18. For example, on December 22, 2015, Defendant Baranco had obtained Mr. Toland's reports from the CRAs TransUnion and Equifax.

19. Mr. Toland had never applied for credit with Baranco.

20. He had not authorized Baranco to obtain any of his consumer reports.

21. Additionally, three banks, Bank of America, BB&T, and SunTrust, had also all obtained one or more of Mr. Toland's consumer reports on December 22, 2015.

22. Mr. Toland had not applied for credit with any of the three banks in December 2015.

23. He had not authorized any of the three banks to obtain his consumer reports.

24. Mr. Toland's consumer reports further showed an auto loan with

SunTrust Bank with a balance in excess of fifteen thousand dollars that had been opened in December 2015.

25. He had no auto loan with SunTrust.

26. Baranco eventually admitted to Mr. Toland that it had made the inquiries for his consumer reports on behalf of an identity thief, that it had arranged the SunTrust Bank auto loan, and that the loan transaction was fraudulent.

27. Upon information and belief, based on documents provided by Baranco, SunTrust, and the credit bureaus, Baranco knew or should have known that it was making unauthorized credit report inquiries in support of a fraudulent transaction, because there were obvious discrepancies in the identifying information that the identity thief provided to Baranco and because there were discrepancies between the thief's identifying information and the information on Mr. Toland's consumer reports that Baranco obtained.

28. Despite these discrepancies, after reviewing Mr. Toland's reports, rather than terminating the transaction, Baranco "shotgunned" the identity thief's fraudulent application to multiple lenders to help the identity thief obtain financing to purchase the vehicle.

29. Thus, it was due to Baranco's wrongful obtainment and use of Mr. Toland's consumer reports that the three banks received the identity thief's

fraudulent credit application, made subsequent inquiries for Mr. Toland's consumer reports, and, ultimately, in the case of SunTrust, offered credit to the thief.

30. Mr. Toland did not authorize the thief or anyone else to use his name or personal information to obtain his consumer reports, to purchase a vehicle, or to obtain any sort of credit from Baranco or the lender with whom Baranco arranged credit for the thief.

31. Mr. Toland did not receive any benefit, money, goods, or services as a result of Baranco's and the banks' inquiries for his consumer reports or the extension of credit to the thief.

32. To the contrary, Defendant's conduct damaged Mr. Toland's credit reputation, in that the excessive inquiries triggered by Baranco and the increased debt-to-income ratio from the fraudulent loan actually caused credit denial to Mr. Toland and discouraged him from applying for credit at a time when he needed it.

33. Additionally, Baranco's conduct resulted in some CRAs adding the identity thief's contact information to Mr. Toland's credit files.

34. The unauthorized inquiries for his consumer reports and the addition of the thief's address and phone number to his reports invaded Mr. Toland's privacy and left him feeling that he had no control over the distribution of his

personal information.

35. Defendant's conduct also caused Mr. Toland inconvenience and frustration, as he had to use vacation time identifying, locating, and communicating about the situation with customer service personnel, CRA personnel, law enforcement, and attorneys in order to get the unauthorized inquiries and fraudulent account and contact information deleted from his consumer reports.

36. He expended considerable time and energy trying to fix a situation that was not his fault, and correspondingly lacked time and energy for work, family, and friends.

37. As a result of Baranco's conduct and the ordeal of restoring his credit, Mr. Toland suffered humiliation, anxiety, and other emotional distress, for which he sought medical treatment and counseling.

38. Mr. Toland filed police reports regarding the identity theft in both North Carolina and Georgia.

39. Law enforcement in Georgia subsequently arrested the thief and charged him.

40. Defendant knew or should have known that criminals deceptively and wrongfully obtain credit and incur debt by means of identity theft, severely and

substantially adversely affecting innocent consumer victims who neither authorized nor signed the applications to obtain such credit.

41. Defendant obtained Mr. Toland's consumer report in conjunction with contact information and/or personal identifying information that it knew or should have known were not Mr. Toland's, and that it could not legitimately verify as his.

42. Defendant chose not to establish or maintain adequate identity theft avoidance procedures, leading directly to its unauthorized inquiries for Mr. Toland's consumer reports, and triggering all of the subsequent damage.

43. Defendant's internal policies and procedures do not appear to place any value on its obligations under the FCRA to avoid obtaining consumer reports without permissible purpose or authorization.

44. Defendant's policies and procedures regarding compliance with credit reporting laws evince willfulness, wantonness, and reckless disregard for the rights and interests of consumers, and led directly to the injuries to Mr. Toland described hereinabove.

## CAUSES OF ACTION

### Count One:

### (as to Defendant Baranco)

### Violations of the Fair Credit Reporting Act ("FCRA")

### 15 U.S.C. §§ 1681 et seq.

45. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

46. Defendant Baranco has violated the FCRA at 15 U.S.C. § 1681b(f) by obtaining Mr. Toland's consumer report from two CRAs without his authorization:

   a. Under the FCRA at 15 U.S.C. § 1681b(f), any person is prohibited from obtaining a consumer report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the CRA.

   b. The permissible purposes allowed by the Act are set forth in 15 U.S.C. § 1681b.

   c. Under 15 U.S.C. § 1681b(a)(3)(A), a potential creditor such as Defendant has a permissible purpose to obtain a consumer report when it "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to […] the consumer[.]"

   d. Under 15 U.S.C. § 1681b(a)(3)(F))i), a potential creditor such as Defendant has a permissible purpose to obtain a consumer report

9

    when it has a "legitimate business need" to review a report "in connection with a business transaction that is initiated by the consumer."

e. 15 U.S.C. § 1681b(a) does not permit a potential lender to obtain consumer reports of persons who are not the consumer applying for the extension of credit.

f. 15 U.S.C. § 1681b(c) governs situations where a potential lender requests a consumer report in connection with an extension of credit that is not initiated by the consumer whose consumer report the potential lender seeks to obtain.

g. Under this section, a CRA can properly release the nonapplicant's consumer report only if the non-applicant authorizes the CRA to do so or the transaction involves a firm offer of credit.

h. A potential lender which obtains a consumer report on a person who has not initiated a credit transaction by applying for an extension of credit, or has not otherwise initiated a business transaction, violates 15 U.S.C. § 1681b(f) unless the person has authorized release of the consumer report or the potential lender has made a firm offer of credit to the person.

    i. Defendant has violated the FCRA at 15 U.S.C. § 1681b(f) by obtaining and using Plaintiff's consumer reports without a permissible purpose that had been certified to the CRA.

47. Defendant's conduct, action and inaction in Mr. Toland's case was willful, rendering it liable for his actual damages as described hereinabove, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

48. In the alternative, Defendant was negligent, entitling Plaintiff to recover his actual damages as described hereinabove pursuant to 15 U.S.C. § 1681o.

49. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount determined by the Court pursuant to 15 U.S.C. § 1681n, or, in the alternative, 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ronald Toland, Jr. prays for the following relief:

1. An award of actual, statutory, and punitive damages in amounts to be determined at trial against Defendant pursuant to the violations of 15 U.S.C. § 1681, et seq. alleged therein;

2. An award of the costs of litigation and reasonable attorney's fees pursuant to

15 U.S.C. § 1681n (or, in the alternative, 15 U.S.C. § 1681o);

3. An award of pre-judgment and post-judgment interest; and

4. Such other and further relief as the Court deems just and proper.

## **JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted this 14th day of December, 2018.

                            *s/ Sarah M. Timmers, Esquire*
                            GA Bar No. 122723
                            Attorney for Ronald Toland

279 Washington Avenue
Marietta, GA 30060-1980
(470) 755-1049 telephone
(770) 427-5869 facsimile
sarahmtimmers@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that I have mailed by United States Postal Service this Complaint and Demand for a Jury Trial to the following non-CM/ECF participants:

The Baran Company, LLC d/b/a Mercedes-Benz of Buckhead
C/O Registered Agent: William Scott Schultan
260 Peachtree Street NW, #2700
Atlanta, Georgia 30303

s/ *Sarah M. Timmers, Esquire*
GA Bar No. 122723
Attorney for Ronald Toland

279 Washington Avenue
Marietta, GA 30060-1980
(470) 755-1049 telephone
(770) 427-5869 facsimile
sarahmtimmers@gmail.com